# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

HERMAN LEE INGRAM, )
 )
Petitioner, )
 )
v. ) Civil Action No. 3:15CV425–HEH
 )
ERIC C. WILSON, )
 )
Respondent. )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2241 Petition)

Herman Lee Ingram, a federal inmate proceeding *pro se*, submitted this Petition for a Writ of Habeas Corpus (hereinafter, "§ 2241 Petition," ECF No. 1.) In his § 2241 Petition, Ingram asserts that, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines as a career offender is unconstitutional.[1] However, as explained below, Ingram's § 2241 Petition will be dismissed for lack of jurisdiction.

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that *"involves conduct that presents a serious potential risk of physical injury to another."*

*Johnson*, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* at 2556. The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.

A.  Procedural History

On January 4, 2006, Ingram pled guilty to one count of distribution of cocaine base in violation of 21 U.S.C. § 841. *See United States v. Ingram*, No. 3:05CR361 (E.D. Va. Jan. 4, 2006). On April 7, 2006, Ingram was sentenced to 169 months imprisonment. *Id.* at ECF No. 25 (E.D. Va. Apr. 7, 2006). On appeal, Ingram's counsel submitted an *Anders* brief "stating that there [were] no meritorious issues for appeal, but suggesting that trial counsel was ineffective for failing to accurately determine and advise Ingram regarding the sentencing consequences of his guilty plea." *United States v. Ingram*, 213 F. App'x 229, 229 (4th Cir. 2007). The United States Court of Appeals for the Fourth Circuit affirmed Ingram's conviction and sentence, finding that Ingram's claim of ineffective assistance of counsel was not cognizable on direct review. *Id.* at 230.

On March 30, 2009, this Court denied a 28 U.S.C. § 2255 Motion (hereinafter, "§ 2255 Motion") filed by Ingram. *See Ingram*, No. 3:05CR361, ECF No. 51 (E.D. Va. Mar. 30, 2009). Ingram appealed, and the Fourth Circuit dismissed his appeal pursuant to Local Rule 45. *Id.* at ECF No. 53 (E.D. Va. June 29, 2009).

On April 15, 2010, Ingram filed a motion seeking a reduction of his sentence under 18 U.S.C. § 3582 (hereinafter, "§ 3582 Motion"). *Id.* at ECF No. 56 (E.D. Va. Apr. 15, 2010). The Court denied his § 3582 Motion on December 21, 2010. *Id.* at ECF No. 63 (E.D. Va. Dec. 21, 2010). On August 21, 2010, the Fourth Circuit affirmed the judgment of this Court. *United States v. Ingram*, 475 F. App'x 928 (4th Cir. 2012).

On June 24, 2016, the Court received an Order from the Fourth Circuit authorizing Ingram to file a second or successive § 2255 Motion in the District Court. *See Ingram*

No. 3:05CR361, ECF No. 85 (E.D. Va. June 24, 2016). By Memorandum Opinion and Order entered June 30, 2017, the Court denied the § 2255 Motion. *Id.* at Nos. 93, 94 (E.D. Va. June 30, 2017). Ingram's current § 2241 Petition is his latest attempt to challenge his conviction and sentence.

### B. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief

---

[2] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

3

under that provision or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).[3]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### C. Analysis of Ingram's 28 U.S.C. § 2241 Petition

Ingram's § 2241 Petition will be dismissed because Ingram cannot show that his § 2255 Motion was "inadequate or ineffective" under 28 U.S.C. § 2255(e).

---

[3] Ingram cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)).

4

Ingram submitted a § 2255 Motion on June 27, 2016 raising the same claim presented in his § 2241 Petition. *See United States v. Ingram*, No. 3:05cr361, ECF No. 87 (June 27, 2016). By Memorandum Opinion and Order entered June 30, 2017, the Court denied the § 2255 Motion because it found Ingram's claim was meritless.[4] *Id.* at ECF Nos. 93, 94. Ingram's § 2255 Motion is not rendered "inadequate or ineffective" under 28 U.S.C. § 2255(e) simply because it was denied for lack of merit. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted). Further, Ingram does not meet the second prong of *In re Jones*. *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Specifically, Ingram fails to demonstrate that "subsequent to [his] direct appeal and [his] . . . § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The conduct of which Ingram stands convicted, distribution of cocaine base, is still criminal. As such, Ingram is unable to meet the "controlling test" established in *In re Jones*. Accordingly, this Court lacks jurisdiction to entertain Ingram's § 2241 Petition.

D.  **Conclusion**

For these reasons, the Motion to Dismiss (ECF No. 16) will be granted. The § 2241 Petition will be denied and the action will be dismissed.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug.4, 2017
Richmond, Virginia

---

[4] Specifically, the Court found that Ingram could not challenge his career offender status under the United States Sentencing Guidelines' residual clause. *See United States v. Ingram*, No. 3:05cr361, ECF Nos. 93, 94 (June 30, 2017).